UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In Re:                                          )
                                                )
AREDIA and ZOMETA PRODUCTS                      )        No. 3:06-md-01760
LIABILITY LITIGATION                            )        Judge Campbell/Brown
(MDL No. 1760)                                  )
                                                )
This Document Relates to                        )
3:06-cv-00974 (Green)                           )
3:06-cv-00745 (Pugliese)                        )

To: The Honorable Chief Judge Todd J. Campbell

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge are Defendant NPC's Motions to Dismiss Plaintiffs' Claims Pursuant to Federal Rule of Civil Procedure 25(a)(1) and accompanying Memoranda. (Docket Entries 4424-27). Plaintiffs[1] have filed a Response. (Docket Entry 4480). Following a telephone conference on June 9, 2011, at which the Magistrate Judge ordered the parties to file additional pleadings on the Motion to Dismiss, both parties filed supplemental memoranda. (Docket Entries 4793, 4794). Plaintiff Green filed a Motion to Substitute Party on May 4, 2011. (Docket Entry 4469). NPC has not filed a formal response to that Motion other than its Motion to Dismiss. Plaintiff Pugliese also filed a Motion to Substitute Party on May 31, 2011, which NPC has opposed. (Docket Entries 4679, 4712). For the reasons set forth below, the Magistrate Judge believes both Motions to Dismiss should be **GRANTED** and these actions should be **DISMISSED with prejudice**.

---

[1] For purposes of this Report and Recommendation, "Plaintiffs" refers collectively to the original Plaintiffs and their purported representatives.

1

Plaintiff Francisco Pugliese died on April 4, 2009. (Docket Entry 4427-1). NPC notified Plaintiff's counsel, Daniel Osborn, of Pugliese's death in a letter dated December 21, 2010. (Docket Entry 4427-2). Plaintiff's counsel filed a Suggestion of Death on December 22, 2010. (Docket Entry 4161). Plaintiff's counsel filed a Motion to Substitute Party on May 31, 2011. (Docket Entry 4679).

In a similar sequence of events, Plaintiff Lou Arthur Green died on September 14, 2009. (Docket Entry 4425-1). NPC notified Plaintiff's counsel, also Mr. Osborn, of Green's death in a letter dated December 21, 2010. (Docket Entry 4425-2). Plaintiff's counsel filed a Suggestion of Death on December 22, 2010. (Docket Entry 4158). Following NPC's Motion to Dismiss on April 22, 2011, Plaintiff's counsel filed a Motion to Substitute Party on May 4, 2011. (Docket Entry 4469).[2]

Fed. R. Civ. P. 25(a)(1) mandates dismissal if no motion for substitution is made "within 90 days after the service of a statement noting the [party's] death." Pursuant to the Case Management Order ("CMO") (Docket Entries 89, 103), plaintiff's counsel is obligated to file a Suggestion of Death within sixty (60) days of a plaintiff's death. Within ninety (90) days of the filing of the Suggestion of Death, plaintiff's counsel must file a Motion for Substitution. If no personal representative can be appointed within that time frame, plaintiff's counsel may request that the Court provisionally appoint the purported personal representative. Plaintiff's counsel may also request additional time to locate a personal representative. If the plaintiff fails to

---

[2] It is worth noting that this Motion to Substitute is clearly deficient, as Plaintiff is survived by eight children, and Plaintiff's attorney has provided no authorization or documentation for one child, Patrice Godfrey, serving as Plaintiff's personal representative. (Docket Entry 4469).

comply, the defendant may request the case be dismissed with prejudice. This CMO provision essentially expands on the provisions of Fed. R. Civ. P. 25(a).

Plaintiffs are apparently in violation of the CMO provision and Fed. R. Civ. P. 25(a) by failing to file a Suggestion of Death within 60 days of Plaintiff's death and by failing to file a Motion for Substitution 90 days thereafter. Plaintiffs argue, however, that their claims should not be dismissed, because service of the Suggestion of Death must be made on the nonparty successors or representatives, not on the decedent's lawyers. NPC argues that service was proper and that Rule 25(a)(1) therefore mandates dismissal.

Rule 25(a)(1) does indeed impose a harsh penalty on parties or their representatives who fail to timely file a motion to substitute. The majority of courts, however, have found that dismissal under Rule 25(a) requires several prerequisites. While the Sixth Circuit has not yet ruled on the requirements for a Suggestion of Death to be valid, a number of District Courts in the Circuit have. *See*, *e.g.*, *Baker v. Shelby Co. Gov't*, 2007 WL 2042453 (W.D. Tenn. July 12, 2007); *Wentz v. Best Western Int'l*, 2007 WL 869620 (E.D. Tenn. Mar. 20, 2007); *Jenkins v. Macatawa Bank Corp.*, 2007 WL 737746 (W.D. Mich. Mar. 7, 2007); *Dietrich v. Burrows*, 164 F.R.D. 220 (N.D. Ohio 1995); *Francis v. Francis*, 1992 WL 57953 (N.D. Ohio Jan. 7, 1992); *Tolliver v. Leach*, 12 F.R.D. 529 (W.D. Mich. 1989). NPC has cited several of these decisions in its memoranda.

In *Atkins v. City of Chicago*, the Seventh Circuit addressed a case with similar facts. 547 F.3d 869 (7th Cir. 2008). That court found that a document filed by decedent's former attorney[3]

---

[3] The court recognized that, though the decedent's lawyer may not file a motion for substitution in his own name pursuant to Rule 25(a)(1) because he no longer has a client and is not a party to the lawsuit, "he is permitted to file a motion for an extension

3

titled "Motion to Substitute Because of Death" was not a suggestion of death sufficient to start the 90-day clock ticking because it was not served on the decedent's personal representative. *Id.* at 871-73. In other words, Rule 25(a)(1) requires service on "non-parties with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Id.* at 873. The case law on that point is "unequivocal." *Id.*, *citing*, *in part*, *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985); *Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir. 1989); and *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1989).

The *Atkins* court did note an exception to the general rule that "nothing will suffice to start the 90-day clock running except service on whoever is identified as the decendent's representative or successor." *Id.* at 874. If the opposing party files the suggestion of death, the 90-day time period begins to run even if no successor or representative is named in the filing, as the opposing party does not know the identity of that person. *Id.*, *citing George v. United States*, 208 F.R.D. 29, 32 (D. Conn. 2001). "The other side can protect itself by telling the moving party who the successor or representative is, and if necessary filing a motion for an extension of time for filing a motion to substitute that person for the decedent." *Id.* at 873. This exception is not applicable here, but it is worth noting solely for the fact that nearly every case cited by NPC involves a situation where the opposing party filed the suggestion of death. *See*, *e.g.*, *Hall v. Sears Roebuck & Co.*, 2008 WL 4758669 (W.D. La. Oct. 29, 2008); *Baker*, 2007 WL 2042453; *Wentz*, 2007 WL 869620; *Kernisant v. City of New York*, 225 F.R.D. 422 (E.D.N.Y. 2005). That

---

of time if there is no executor because the decedent died without a will and an administrator for the estate has not yet been named." 547 F.3d at 872.

is not the case here.

Even if the Magistrate Judge fully accepts the reasoning in *Atkins*, however, a different result might be necessary in this case. The CMO mandates the filing of a Suggestion of Death within 60 days of the plaintiff's death, with a Motion for Substitution to follow within 90 days of the filing of the Suggestion of Death. (Docket Entries 89, 103). Plaintiffs' attorneys have habitually filed both these documents only after NPC notifies them informally of the death of their clients. The CMO contemplates dismissal, with prejudice, for failure to timely file a Motion for Substitution. (Docket Entry 89). The procedure for substitution, and its consequences, should be no surprise to Plaintiffs.

Moreover, it seems that allowing the decedent's attorneys to wait to file a Suggestion of Death until NPC learns of it, then effectively allowing an indefinite amount of time to file a Motion for Substitution, without consequences, would further delay and frustrate progress in these cases. It is a sad but unavoidable fact that a significant number of plaintiffs in this action will die prior to its resolution. This fact was clearly accounted for in the CMO. If the decedent's former attorney is unable to locate the personal representative in a timely manner,[4] that attorney may request additional time or, if a delay in probate is the issue, may name a putative representative pending resolution. (Docket Entry 89).

In the two pending cases, the issue is not a delay of a few weeks or months in filing Suggestions of Death. Mr. Pugliese died on April 4, 2009, and Mr. Green died on September 14, 2009. Mr. Osborn failed to file Suggestions of Death until December 22, 2010, 15 to 18 months

---

[4] Of course, it would be prudent for any plaintiff's attorney in cases of this nature to ascertain the name(s) of potential heirs or representatives in an initial intake interview.

after their deaths, and only as a result of a letter from NPC notifying him of his former clients' deaths. To add to this neglect, Mr. Osborn failed to file Motions for Substitution until May 4 and May 31, 2011, more than 130 days after the Suggestions of Death were filed. As a final note to this all-too-familiar series of events, Mr. Green's Motion for Substitution was clearly deficient, as noted above. Had Mr. Osborn acted timely and appropriately in filing the Motions for Substitution or, if that was impossible, had he requested additional time from the Court, NPC's Motion would not have been needed.[5]

Of course, it is not only Mr. Osborn's interests that would be impacted by dismissal. The decedents' successors would also lose any right to proceed with these cases, even though it is not clear that they have necessarily been notified that a timely motion for substitution is required. Had NPC filed the Suggestion of Death, however, dismissal would be appropriate if Mr. Osborn had acted in the same way, without regard for any potential rights of the successors. The Magistrate Judge is troubled by this discrepancy. This is an MDL proceeding with hundreds of plaintiffs in similar situations, and the Court must have the ability to efficiently manage these cases. In failing to timely file Suggestions of Death and Motions for Substitution, Plaintiffs' counsel frustrates this process.

The Magistrate Judge therefore **RECOMMENDS** the claims of the two deceased Plaintiffs, Green and Pugliese, be **DISMISSED with prejudice**. The CMO, which has been in place for five years, provided Plaintiff's counsel a clear roadmap to avoid this fate. Mr. Osborn neglected to file Suggestions of Death for more than a year after they were required under the

---

[5] The Magistrate Judge is unaware of ever denying a request for additional time on any of these motions where such a motion was actually filed.

CMO, and he also failed to file Motions for Substitution within 90 days of filing the late Suggestions of Death. Each of those filings was over a month late, without legitimate justification, excuse, or apology. The Magistrate Judge recognizes there are difficulties in substituting parties and in locating personal representatives, but many of these could be solved through planning and having the barest minimum of an attorney-client relationship. Because this Report and Recommendation discusses problems common to many Plaintiffs, the Magistrate Judge requests the **CLERK** file this Report and Recommendation in the main case, 3:06-md-01760, as well as the two member cases.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004 (en banc).

/S/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE