IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
AREDIA and ZOMETA PRODUCTS )
LIABILITY LITIGATION ) NO. 3-06-MD-1760
 ) JUDGE CAMPBELL
This Document Relates To Case Numbers: )
03-06-0974(Green) )
03-06-0745 (Pugliese) )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 4891), Plaintiffs' Objections thereto (Docket No. 4999), and Defendant's Opposition to Plaintiffs' Objections (Docket No. 5097).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections and Opposition, and the file. For the reasons stated herein, the Report and Recommendation of the Magistrate Judge is rejected. Defendant's Motions to Dismiss Plaintiffs' Claims Pursuant to Fed. R. Civ. P. 25(a)(1) (Docket Nos. 4424 and 4426) are DENIED.

Rule 25 (a) of the Federal Rules of Civil Procedure governs the substitution of parties upon the death of a litigant. Rule 25(a) provides that if a party dies, a motion for substitution of the proper party may be made by any party or by the decedent's successor or representative. Rule 25(a) also provides that if the motion for substitution is not made within 90 days after service of a statement noting the death, then the action by or against the decedent must be dismissed.

In these two cases, the Motions for Substitution were filed by the Plaintiffs' attorney for the personal representative of each deceased Plaintiff. Docket Nos. 4469 and 4679. The Motions for Substitution were not filed within 90 days after service of the Suggestions of Death.

Rule 25(a) also provides that any suggestion or notice of death and any motion to substitute must be served on the parties as provided in Rule 5 and on non-parties as provided in Rule 4. The suggestions of death must be served upon the deceased's successor or personal representative[1] and, if the deceased's successor or personal representative is not so served, the 90 day time period does not begin to run. *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008); *Kessler v. Southeast Permanente Medical Group of North Carolina*, 165 F.R.D. 54, 56 (E.D. N.C. 1995); *Jenkins v. Macatawa Bank Corp.*, 2007 WL 737746 at * 1 (W.D. Mich. March 7, 2007).

In these two cases, there is no evidence that the Suggestions of Death were served upon the deceased Plaintiffs' successors or personal representatives. Docket Nos. 4161 and 4158. As the Magistrate Judge noted, the case law on this point is "unequivocal." Docket No. 4891, p. 4. Therefore, under Rule 25(a), as interpreted by the courts, the 90-day time period here was never triggered and Plaintiffs' Motions for Substitution were not untimely.

Moreover, the law gives discretion to the Court to extend the 90-day deadline.[2] In *Continental Bank v. Meyer*, 10 F.3d 1293 (7th Cir. 1993), the court stated: "While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b). Rule 6(b)(2) states that a district court 'for

---

[1] Although Rule 25 (a) does not say which non-parties must be served, the courts have held that non-parties with a significant financial interest in the case, namely the deceased's successors or personal representative should certainly be served. *Atkins v. City of Chicago*, 547 F.3d at 873.

[2] A party seeking to make a late substitution may be permitted to do so under Fed. R. Civ. P. Rule 6(b) if, in the Court's discretion, said party has made a sufficient showing of excusable neglect with respect to the late motion. *Jones v. Siegfried Constr. Co.,* 105 F.R.D. 491, 491-92 (W.D. N.Y. 1984). Such a showing consists of a demonstration of good faith and some reasonable basis for noncompliance within the time specified in the rules. *Id.* at 492.

2

cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .'" *Id.* at 1297. [3]

Although there is no evidence that Plaintiffs ever asked for an extension of the 90-day period, the Court alternatively would permit these Motions for Substitution to be filed to preserve Plaintiffs' claims, particularly where Defendant has failed to demonstrate material prejudice. Finally, the Court notes that, if it were to reach the issue of noncompliance with the Case Management Order, the Court would reach the same result.

This decision is based upon the specific facts of these two cases and no other. Nothing herein should be construed as indicating that counsel are not required to file Motions for Substitution in a timely manner. The facts and circumstances of each case will be considered independently should these issues arise again.

For all these reasons, the Report and Recommendation of the Magistrate Judge (Docket No. 4891) is rejected, and Defendant's Motions to Dismiss Plaintiffs' Claims Pursuant to Fed. R. Civ. P. 25(a)(1) (Docket Nos. 4424 and 4426) are DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] The *Meyer* court goes on to say that the history of the rules makes clear that the 90-day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted. *Meyer*, 10 F.3d at 1297.

3